Matter of Rinck (2020 NY Slip Op 00417)





Matter of Rinck


2020 NY Slip Op 00417


Decided on January 22, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
VALERIE BRATHWAITE NELSON, JJ.


2019-03764 

[*1]In the Matter of Doris L. Rinck, admitted as Doris L. Sepulveda-Lorenzo, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Doris L. Rinck, respondent. (Attorney Registration No. 2965671)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 5, 1999, under the name Doris L. Sepulveda-Lorenzo.



Catherine A. Sheridan, Hauppauge, NY (Elizabeth A. Grabowski of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On April 12, 2019, the Grievance Committee for the Tenth Judicial District commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8(a) against the respondent by filing a notice of petition dated April 2, 2019, and verified petition dated April 1, 2019, and personally serving the same on the respondent on April 8, 2019. The verified petition contains four charges of professional misconduct alleging, inter alia, misappropriation of client funds and a failure to cooperate with the Grievance Committee. The notice of petition required the respondent to file an original answer to the verified petition with the Court within 20 days of her receipt thereof, and serve a copy of the same on the Grievance Committee.
The Grievance Committee now moves to deem the charges against the respondent established based upon her default in failing to answer the petition within the time frame specified by the notice of petition. On May 29, 2019, the Grievance Committee served, by first class mail, a copy of a notice of motion for discipline on default on the respondent. To date, the respondent has neither submitted a response to the motion nor requested additional time in which to do so.
Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred upon her default, and her name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BRATHWAITE NELSON, JJ., concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Doris L. Rinck, admitted as Doris L. Sepulveda-Lorenzo, is disbarred and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Doris L. Rinck, admitted as Doris L. Sepulveda-Lorenzo, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Doris L. Rinck, admitted as Doris L. Sepulveda-Lorenzo, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Doris L. Rinck, admitted as Doris L. Sepulveda-Lorenzo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court